UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lee Marvin Harris, Sr., ) | C/A No. 7:12-3291-GRA-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| U.S. Department of Homeland Security; and ICE, ) | |
| U.S. Immigration and Customs Enforcement, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Lee Marvin Harris, Sr. ("Plaintiff"), a pro se litigant, filed a civil action seeking release of currency seized by government law enforcement officers. [Doc. 1.] Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned magistrate judge is authorized to review and submit recommendations to the district judge for all pretrial matters in this case.

## **INITIAL REVIEW**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action without pre-payment of the filing fee by filing a motion to proceed *in forma pauperis*. To protect against possible abuse of the privilege, the granting of the *in forma pauperis* motion allows a district court to review the pleading and dismiss the case if one of several enumerated conditions are present. 28 U.S.C. § 1915(e)(2)(B)). Upon review, pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the

development of a potentially meritorious case, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, the requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Upon initial review, if the pro se pleading fails to establish subject matter jurisdiction, sua sponte dismissal by the court is required. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Even under the less stringent pleading standard for pro se litigants, the complaint filed in this case is subject to dismissal for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff, a North Carolina resident, initiated this action by filing a document titled "Emergency Ex Parte Sixth Amendment Petition for Release of Seized Funds for Substantial Hardship and Right to Counsel of Choice." [Doc. 1.] Plaintiff incorrectly captioned the document "United States v. $7008.00 in U.S. Currency." [*Id*.] A review of this Court's records reveals that such a forfeiture action has not been filed by the government. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d. 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'") (citation omitted). Plaintiff cannot bring a forfeiture action on behalf of the United States, but may participate in government initiated forfeiture proceedings as allowed by federal statute. Plaintiff specifically seeks immediate return of government seized funds pursuant to 18 U.S. Code § 983(f)(3)(A), which governs the release of seized property. [Doc. 1.] The complaint also claims violation of Plaintiff's constitutional rights based on the

alleged confiscation and retention of Plaintiff's money. [*Id.*]

The seizure of currency occurred on September 11, 2012, when Plaintiff's son (Lee Marvin Harris, Jr.) was stopped by "Wellford Police of South Carolina" based on "alleged weaving." [*Id*.] The son had about $7000 in his pocket, which is the currency Plaintiff seeks to be released based on Plaintiff's alleged ownership of the funds. Plaintiff claims the officer fabricated a drug charge based on "suspected marijuana" so the currency could be seized as possible drug proceeds. [*Id*.] The local police officer called a federal officer of U.S. Immigration and Customs Enforcement ("ICE"), who seized the currency, which is now held by the Department of Homeland Security's U.S. Customs and Border Protection. [Doc. 6.] Plaintiff's son received a "Custody Receipt for Seized Property and Evidence," a Department of Homeland Security form, for "unknown amount of U.S. currency." [Doc. 1-1 at 2.] Plaintiff's son was also given a warning for improper lane change and a traffic ticket for simple possession of marijuana by the City of Wellford police, and allowed to leave. [Doc. 1 at 6; Doc. 1-1 at 3.]

Plaintiff attempted to obtain release of the currency by filing an "administrative hardship petition with the Homeland Security Customs Boarder and Patrol Forfeiture Office" on October 25, 2012. Doc. 1 at 2.] Plaintiff states that he was "informed that matters were in administration officer's hand and no timetable when a decision must be made." [*Id.*] Within a month after initiating the administrative process with the agency, Plaintiff filed this action seeking release of the seized property. Plaintiff requests an order returning the currency, reasonable legal fees and other litigation costs, as well as post-judgment interest on the seized currency. [Doc. 1 at 6.]

**DISCUSSION**

The intent of Plaintiff's pleading is to obtain immediate release of currency seized by law enforcement officers. Plaintiff asserts his right to release of the seized currency as rightful owner under both civil and criminal forfeiture statutes, as well as several constitutional provisions. Jurisdiction of forfeiture proceedings is established in 28 U.S.C. § 1355, which provides that "the district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." 28 U.S.C. § 1355(a). In the context of a civil forfeiture action, "procedural rules can be made conditions of subject matter jurisdiction if Congress clearly so indicates." *United States v. Wilson*, 699 F.3d 789, 795 (4th Cir. 2012). Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (citing *Owen Equip. And Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)).

**Civil Forfeiture**

Plaintiff claims a right to release of the seized currency under 18 U.S.C. § 983, which governs civil forfeiture proceedings. The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") establishes procedures for civil forfeiture of government seized property. Plaintiff states the government agency in possession of the seized currency is "alleging the intent to turn over to the US Attorney for Civil Forfeiture." [Doc. 1 at 3.] Pursuant to CAFRA, "[i]n any case in which the Government files in the appropriate United States

4

district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims." 18 U.S.C. § 983(a)(4)(A).  Thus, federal district courts routinely consider civil forfeiture cases filed by the federal government against seized property, in which, a person claiming an interest in the seized property may intervene.  However, in the current case, the government has not filed a judicial forfeiture proceeding in reference to the seized currency, but instead Plaintiff filed this action for return of seized property.  If the government files a civil forfeiture proceeding, Plaintiff could intervene to present his innocent owner defense pursuant to the requirements of 18 U.S.C. § 983(d).  Plaintiff cannot file a civil forfeiture action on behalf of the government, and the government has not initiated a judicial civil forfeiture proceeding, so this court does not have jurisdiction under § 983(a)(4)(A) to consider Plaintiff's claim for return of seized property.

Plaintiff alleges he is entitled to return of the seized property pursuant to 18 U.S.C. § 983(f), which provides "a mechanism for the release of property during the pendency of a civil forfeiture proceeding in certain circumstances in which the Government's continued possession would create a substantial hardship on persons claiming an interest in the property." *U.S. v. Undetermined Amount of U.S. Currency*, 376 F.3d 260, 263-64 (4th Cir. 2004); *see* 18 U.S.C. § 983(f).  A person seeking immediate release of seized property must first "request possession of the property from the appropriate official." 18 U.S.C. § 983(f)(2). Here, Plaintiff alleges he requested the immediate release of the property by submitting a hardship petition with the Homeland Security Customs Boarder and Patrol, the agency retaining the seized currency.  The currency was not released to Plaintiff, so

5

he filed this action pursuant to 18 U.S.C. § 983(f)(3)(A). 18 U.S.C. § 983(f)(3)(A) provides that a "claimant may file a petition in the district court . . . for the district court in which the property was seized" if the property has not been released within 15 days after the date of a request.[1]

The disposition of Plaintiff's case is governed by 18 U.S.C. § 983(f)(1), which contains the following requirements:

> (1) A claimant under subsection (a) is entitled to immediate release of seized property if-
>
> > (A) the claimant has a possessory interest in the property;
> >
> > (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
> >
> > (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
> >
> > (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and
> >
> > (E) none of the conditions set forth in paragraph (8) applies.

Plaintiff cannot meet the requirements of subsection (f)(1) to show that he is entitled to immediate release of the seized property, because he cannot meet the fifth enumerated requirement that "none of the conditions set forth in paragraph (8) applies." 18 U.S.C. §

---

[1] Plaintiff alleges an ownership right in the currency seized in South Carolina, so the District of South Carolina is the appropriate district court to consider a petition for immediate release of the seized funds pursuant to 18 U.S.C. § 983(f) if the requirements of the statute are met.

6

983(f)(1)(E). 18 U.S.C. § 983(f)(8) provides that subsection (f), providing for the immediate release of seized property, does not apply if the seized property is "currency," as in this case. 18 U.S.C. § 983(f)(8)(A). Accordingly, Plaintiff fails to establish this Court's jurisdiction to consider a hardship petition for immediate release of seized currency under 18 U.S.C. § 983(f) because that subsection does not apply to currency.

**Criminal Forfeiture**

Plaintiff references 21 U.S.C. § 853(n)(6)(A), which is applicable to proceedings in criminal forfeitures, and states that the "statute permits 'rightful owners' of forfeited assets to make claims for forfeited assets before they are retained by the Government." [Doc. 1 at 4.] Criminal forfeiture proceedings are separate from civil forfeiture proceedings. "In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in a criminal indictment." 28 U.S.C. § 983(a)(3)(C). In a criminal case, a preliminary order of forfeiture may be challenged by filing a third-party ancillary claim to a legal interest in an asset that is part of the criminal forfeiture proceeding. *See*, *i.e.*, *United States v Allmendinger*, Cr. No. 3:cr-248-01, 2012 WL 966615 (E.D. Va. March 21, 2012) (unpublished) (third party family member files claim of legal interest in seized truck in criminal case). To the extent Plaintiff relies on the criminal forfeiture statute to seek relief in this case, such reliance fails because criminal forfeiture proceedings are not applicable in this case.

**Constitutional Claims**

Plaintiff "seeks review of the statutory and constitutional issues raised in the instant petition, pursuant to the provisions of fruits of an illegal arrest, illegal seizure and illegal

government activity." [Doc. 1 at 1.] He also "seeks the return of seized funds as a matter of constitutional right to possess his own property." [*Id.* at 2.] He states that "[p]ursuant to the fifth, sixth and fourteenth amendments," his "rights are preserved, protected and guaranteed under equal protection and due process." [*Id.*] Plaintiff further claims the "Government does violate the Sixth Amendment if it seizes the proceeds and refuses to permit the Innocent Owner to use them to pay for his defense and right to counsel of choice in the pending action." [*Id*. at 4.] Plaintiff also "asserts that this seizure violates the Excessive Fines Clause of the Eighth Amendment which forbids an excessive forfeiture" and "18 USC § 983(g) provides an Ex Parte 'petition' 'to determine whether the forfeiture was constitutionally excessive.'" [*Id*. at 5.]

Plaintiff's complaint seeking release of seized funds based on violation of his constitutional rights appears to be based primarily on rights that belong to a person charged with a crime. Plaintiff does not allege that he has been arrested or charged with a crime in relation to the seizure of the contested currency, so constitutional protections in reference to an "illegal arrest," or an "illegal seizure," or a Sixth Amendment "right to counsel of choice" are not applicable to him. Plaintiff lacks standing to pursue alleged violations of his son's constitutional rights. Plaintiff's claim for "return of seized funds as a matter of constitutional right to possess his own property" is addressed by the procedures established in CAFRA, the statutory framework in place to address return of property in civil forfeiture proceedings, which provides Plaintiff an opportunity for procedural due process. *See United States v. Minor*, 228 F.3d 352, 357 (4th Cir. 2000) (right to due process in action challenging administrative forfeiture of seized currency). Although

Plaintiff mentions equal protection along with due process, the complaint lacks any facts, such as disparate treatment, to establish a claim for violation of equal protection. Finally, Plaintiff's claim for violation of "the Excessive Fines Clause of the Eighth Amendment" and reliance on 18 U.S.C. § 983(g) to claim the forfeiture is excessive, are premature. Within the government initiated forfeiture case, Plaintiff, if he qualifies as a claimant under 18 U.S.C. § 983(a)(4), may "petition the court to determine whether the forfeiture was constitutionally excessive." 18 U.S.C. § 983(g).

If Plaintiff's constitutional claims were construed as brought against federal agencies under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the United States Department of Homeland Security, which currently holds the seized currency, and ICE, which was involved in the seizure, would presumably be the defendants. Federal agencies, however, are not subject to suit in a *Bivens* action. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (declining to extend liability under *Bivens* to federal agencies).

Additionally, the United States and its agencies have sovereign immunity from suit, and a "waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Plaintiff does not meet the requirements of 18 U.S.C. § 983(f)(1), so 18 U.S.C. § 983(f) does not apply to waive sovereign immunity in this case. Plaintiff has not met his burden to establish that the United States' sovereign immunity has been waived. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (party who sues federal government has burden to point out statutory waiver of sovereign immunity). Consequently, sovereign immunity bars this suit

9

against the federal government based on alleged constitutional violations. Plaintiff has failed to establish that this court has jurisdiction over this action brought against the federal government seeking release of government seized property, either pursuant to forfeiture statutes or constitutional provisions.

## RECOMMENDATION

It is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

Jacquelyn D. Austin
United States Magistrate Judge

February 26, 2013
Greenville, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).