UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Lee Marvin Harris, Sr., ) | | |
| ) | | |
| Plaintiff, ) | C/A No.:  7:12-cv-3291-GRA-JDA | |
| ) | | |
| v. ) | **ORDER** | |
| ) | (Written Opinion) | |
| U.S. Department of Homeland Security; ) | | |
| and ICE, U.S. Immigration and Customs ) | | |
| Enforcement, ) | | |
| ) | | |
| Defendant. ) | | |
| _____ ) | | |

This matter comes before the court for a review of United States Magistrate Judge Jacquelyn D. Austin's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C, and Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.  Plaintiff Lee Marvin Harris, Sr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action seeking release of currency seized by government law enforcement officers.  Magistrate Judge Austin now recommends that this Court dismiss Plaintiff's complaint without prejudice. Report & Recommendation 10, ECF No. 13.

Plaintiff was allowed to proceed in this matter *in forma pauperis* pursuant to 28 U.S.C. §1915.  In an action proceeding under this statute, the Court is permitted to review the pleading and dismiss the case if the action is not properly before it. Plaintiff is also a *pro se* litigant.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is

charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. "The failure to file objections to the report and recommendation waives any further right to appeal." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (per curiam). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In this case, objections were due by March 15, 2013. Neither the defendant nor the plaintiff filed any objections to the Magistrate Judge's Report and Recommendation.

After a careful review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes the case and applicable law. Accordingly, for the reasons articulated by the Magistrate Judge, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that this case is DISMISSED without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is now MOOT.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March  22 , 2013
Anderson, South Carolina